**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAUL E. KLEBE; CAROL J. KLEBE,
<u>Plaintiffs-Appellants,</u>

and

CHESTNUT LODGE HOSPITAL,
INCORPORATED,
<u>Plaintiff,</u>

v.

MITRE GROUP HEALTH CARE PLAN,

No. 95-2728

<u>Defendant-Appellee,</u>

and

MITRE CORPORATION; EQUICOR,
INCORPORATED,
<u>Defendants.</u>

NATIONAL ALLIANCE FOR THE
MENTALLY ILL,
<u>Amicus Curiae.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-92-3130-PJM)

Argued: June 3, 1996

Decided: July 19, 1996

Before ERVIN and MOTZ, Circuit Judges, and SPENCER,
United States District Judge for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Paul Koch, Baltimore, Maryland, for Appellants.
Gil A. Abramson, HOGAN & HARTSON, L.L.P., Baltimore, Mary-
land, for Appellee. **ON BRIEF:** John G. Roberts, Jr., David V. Sny-
der, HOGAN & HARTSON, L.L.P., Washington, D.C., for Appellee.
Ronald S. Honberg, NATIONAL ALLIANCE FOR THE MEN-
TALLY ILL, Arlington, Virginia; Robert J. Kaplan, KAPLAN &
KAPLAN, Vienna, Virginia, for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul and Carol Klebe appeal the district court's grant of summary
judgment in favor of MITRE Group Health Care Plan ("the Plan") and
denial of summary judgment as to the Klebes on the Klebes' claim
that the Plan's $1 million lifetime maximum benefit limit applied to
their son John's treatment for chronic schizophrenia. After conducting
a de novo review of the Plan Administrator's denial of coverage for
John's claims, we now affirm the judgment of the district court.

I.

Paul and Carol Klebe were both employed by MITRE Corporation,
a nonprofit defense contractor. The corporation sponsors the MITRE
Group Health Care Plan, which is a self-insured welfare benefit plan
within the meaning of ERISA, and Mr. and Mrs. Klebe are both poli-
cyholders under the Plan. The Plan Administrator is MITRE's vice
president of human resources; however, day-to-day claim administra-

2

tion is carried out by Equicor, Inc., a wholly-owned subsidiary of the Connecticut General Life Insurance Company (CIGNA).

John Klebe is a beneficiary of his parents' insurance policies. John suffers from a condition known as paranoid schizophrenia, which has required extensive treatment over the years.[1] In May 1992, John was receiving treatment at the Chestnut Lodge Hospital in Montgomery County, Maryland. By that point, the Plan had paid over $500,000 for treatment related to John's schizophrenia. Once John reached that half-million dollar mark, Equicor informed plaintiffs that it would no longer continue to cover expenses relating to John's treatment for schizophrenia, because he had reached his lifetime benefit maximum for mental health treatment. Mr. and Mrs. Klebe went through a series of administrative appeals and challenges under ERISA, none of which were successful in reversing Equicor's denial of coverage. Thereafter, they filed suit in the District of Maryland, claiming that Paul's treatment for schizophrenia should be subject to the $1 million lifetime benefit maximum for medical treatment instead of the $500,000 lifetime benefit maximum for mental health treatment because schizophrenia is a medical, not a mental health, illness. [2]

II.

In reviewing the Plan Administrator's denial of coverage for John Klebe's chronic schizophrenia treatments in excess of $500,000, we must interpret the Plan itself to determine whether the denial of coverage was appropriate. We make such a determination not by deference to either party's interpretation of the Plan's language but rather by applying ordinary principles of contract construction and "enforcing the plan's plain language in its ordinary sense." Bailey v. Blue Cross & Blue Shield of Virginia, 67 F.3d 53, 57 (4th Cir. 1995). The pri-

_____

[1] John has also suffered from a host of other strictly medical ailments, including polycystic kidney disease, which required multiple surgeries, and a hydrocele on his testicle. See Klebe v. MITRE Group Health Plan, 894 F. Supp. 898, 900 (D. Md. 1995) (Messitte, J.).
[2] The Klebes also argued that John was entitled to two $500,000 lifetime maximum benefit limits for mental health treatment--one limit under each of his parents' policies. That claim was dismissed early on by the district court and has not been challenged here on appeal.

mary effort of such an inquiry should be to ascertain the intent of the parties or (in this case) of the Plan drafter. Glocker v. W.R. Grace & Co., 974 F.2d 540, 544 (4th Cir. 1992).

In construing the term "mental health treatment" within the context of the policy, the district court assumed, for purposes of the motions, that it was ambiguous. Klebe, 894 F. Supp. at 904. The court then considered extrinsic evidence, in the form of affidavits from MITRE benefit consultants and testimony from Mrs. Klebe, and determined that the parties intended for schizophrenia coverage to be subject to the $500,000 ceiling for mental health treatment. Id. at 905-06.

We do not agree that the Plan's language is ambiguous. Instead, we hold that the meaning of the term "mental health treatment" is clear within the context of this policy and that treatment for chronic schizophrenia clearly falls under that umbrella. Even if we were to hold that the term "mental health treatment" is ambiguous, the district court's finding that the extrinsic evidence presented below resolved the ambiguity in favor of the Plan Administrator's interpretation was correct. Therefore, the denial of coverage for John Klebe's chronic schizophrenia in excess of the $500,000 lifetime maximum benefit for mental health treatment was proper.

AFFIRMED

4